IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
05 MAR 17 PM 3:33
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

ROBERTO FERRARIO-POZZI

Plaintiff,

VS.

UNITED STATES OF AMERICA

Defendant,

Case No. 98-00189 HL

05-130 HL

## MOTION AND PETITION TO CORRECT A SENTENCE UNDER 28 U.S.C §2255

**COMES NOW**, petitioner Roberto Ferrario Pozzi- through counsel- and files this petition to correct a sentence otherwise imposed in violation of the U.s. Constitution Art. 4th, 5th and 6th. In support the defendant states as follows:

1. The petitioner Roberto Ferrario-Pozzi is incarcerated resulting from an unconstitutional sentence of this Court.

2. Petitioner was sentenced on December 23, 2003, the appellant received a sentenced of 97 months. The case was appealed on May 10, 2004, the First Circuit Court of Appeals denied the appeal and The U.S. Supreme Court denied the petition for certiorari Ferrario-Pozzi v. United States, 2004 U.S. LEXIS 5100 (U.S., Oct. 4, 2004).

1

3. Pursuant to 28 U.S.C § 2255, a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4. Petitioner submits that the forfeiture part of the sentence was assessed in violation of the U.S. Constitution, for it assessed a criminal forfeiture of Three Million Seven Hundred and Five Thousand Dollars ($ 3,705,000.00). The forfeiture of fine was assessed by the Court over nine months after the original sentence and after the Court had dismissed the criminal forfeiture count eight (8). A count that was never pleaded to or that the defendant waived a jury trial for.

5. The Supreme Court in Libretti v. United States 516 U.S. 29; 116 S. Ct. 356 (1995) held that forfeiture proceedings are a part of sentencing, and the same issue on appeal was addressed by the Eleventh Circuit recently. In United States v Petrie, 302 F. 3d. 1280, (11Cir. 2002), 123 S. Ct. 1775, Cert. denied, the Eleventh Circuit Court held (district court lacked jurisdiction to enter preliminary forfeiture order (PFO) approximately six months after sentencing; forfeiture verdict returned by jury was not mentioned at sentencing hearing; forfeiture scheme prescribed in Rule 32.2 contemplates final disposition of forfeiture issues at time of sentencing; rule requires that forfeiture order be made part of sentence and included in judgment. Thus, all post-sentencing activities authorized by Rule 32.2 concern

third-party interests; therefore, district court lacked jurisdiction to enter Preliminary Order of Forfeiture six months after sentencing). Further, the Supreme Court in Libretti v. United States 516 U.S. 29; 116 S. Ct. 356 (1995) held that forfeiture proceedings are a part of sentencing.

6. At trial, the sentencing hearing and the subsequent forfeiture hearing, the petitioner objected and preserved the issue by alerting to the court that the petitioner was not pleading guilty to count eight of the indictment. After sentencing, the court dismissed the forfeiture count and entered a preliminary order of forfeiture after nine months of the final sentence had been issued.

7. In *Blakely v Washington*, the high Court held that *"When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," Bishop, supra, §87, at 55, and the judge exceeds his proper authority"*. In the instant sentence, the Honorable Judge Hector Lafitte inflicted additional punishment by finding absence of a jury that the petitioner was to forfeit Three Million Seven Hundred and Five Thousand Dollars ($ 3,705,000.00). This happened in the absence of a forfeiture claim and in the absence of a jury finding. The petitioner never waived a right to have a jury determined the forfeiture amount of claim. [C]riminal forfeiture is part of a defendant's sentence; see also United States v. L'Hoste, 609 F.2d 796, 812-13 (5th Cir. 1980) (holding that forfeiture should be ordered as part of a defendant's sentence).

3

**FIRST GROUND FOR CORRECTING THE SENTENCE**

8.  The sentence was imposed over six months after the initial sentence. This violated the petitioner's confrontation rights to be present upon sentence.

**SECOND GROUND FOR CORRECTING THE SENTENCE**

9.  Pursuant to the Supreme Court decision in *Blakely v Washington*, the forfeiture was in fact an increase in sentence which was not determined by a jury. Nor was the amount of forfeiture determined by the jury. The Court increased the sentence by a forfeiture of Three Million Seven Hundred and Five Thousand Dollars ($3,705,000.00) after the original sentence. This act of increasing the sentence to a count that was dismissed by the court is a violation of the defendant's right to due process of law guaranteed by the Sixth amendment to the U.S. Constitution.

**THIRD GROUND FOR CORRECTING THE SENTENCE**

10. The right to a jury trial is guaranteed by the Sixth and Seventh amendments to the U.S. Constitution. Whether the forfeiture was under the criminal forfeiture or in a civil setting, the appearing petitioner was entitled to have a jury determine the quantity and if there was to be forfeiture at all as part of the sentence. There was no stipulation as to sentence including forfeiture.

The Law Offices of Lorenzo Palomares P.S.C.
Attorneys & Counselors at Law

Respectfully submitted,

*S./ Roberto Ferrario Pozzi*

Roberto Ferrario Poszi
Inmate #22859-069
FCI ALLENWOOD LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1500
WHITE DEER, P.A. 17887

*S./Lorenzo J. Palomares-Starbuck*
Lorenzo J. Palomares-Starbuck, Esq.
USDC-PR #218017
Lorenzo Palomares, P.S.C.
Attorneys & Counselors at Law
500 Muñoz Rivera, Centro II,
Suite 1402
Hato Rey, PR 00918
Tel. (787) 565-0650
Fax. (787) 565-065