UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Crim. No. 98-189 (HL) |
| **[6] ROBERTO FERRARIO POZZI,** | |
| **Defendant.** | |

**UNITED STATES' MOTION FOR AMENDED PRELIMINARY
ORDER OF FORFEITURE AND MONEY JUDGMENT**

NOW COMES the United States, through its undersigned attorneys, and before this Honorable Court, very respectfully states and prays as follows:

1. On December 29,1998, the Grand Jury returned a Second Superseding Indictment against, among others, the defendant of caption. The Second Superseding Indictment contained forfeiture allegations, pursuant to 18 U.S.C. § 982, listing numerous domestic and foreign bank accounts as subject to forfeiture based on their involvement in Ferrario's money laundering scheme and/or as substitute assets.

2. Moreover, the indictment also sought a personal money judgment against the defendant for a sum of money equal to the total amount involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

3. Defendant Ferrario pled guilty to Count 3 of the Second Superseding Indictment on August 15, 2002. On December 18, 2002, defendant Ferrario was sentenced.

4. The Honorable Court held a hearing on February 13, 2003, to determine the precise amount that Ferrario would be ordered to forfeit to the United States and to identify any specific property subject to forfeiture.

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 2**

     5.     On August 21, 2003, the Honorable Court, upon motion by the United States, issued a Preliminary Order of Forfeiture. A careful examination of the motion and order reveals that some accounts that needed to be included in the Preliminary Order of Forfeiture were involuntarily omitted. Thus, the United States hereby moves for an Amended Preliminary Order of Forfeiture.

## MONEY JUDGMENT

     5.     At the hearing held on February 13, 2003, the Honorable Court determined that Ferrario had to forfeit the amount of three million seven hundred thousand dollars ($3,700,000.) to the United States in that such sum, in the aggregate, constituted or was derived from the proceeds from the property traceable to the defendant's money laundering activities, including all money or other property that was the subject of each transaction, and all commissions, fees, and other property constituting proceeds obtained as a result of the defendant's money laundering activities.

## SPECIFIC PROPERTY SUBJECT TO FORFEITURE

     6.     At the hearing held February 13, 2003, the United States also presented evidence of the numerous wire transfers made by Ferrario to other domestic and foreign accounts in furtherance of his criminal activity.

     6.     Thus, based upon the evidence presented at the hearing held on February 13, 2003, the United States has established the requisite nexus between the following specific property and the offense to which the defendant has plead guilty:

     a.     $ 113,000.00 sent to Sun Trust Bank account number 0793003050117 held in the name of A & E Used Truck Parts.

     b.     $200,000.00 sent to Banco Commerciale Ita account number 54717050175

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 3**

       held in the name of Agostino Ferrari S.P.A.

c.     $673,255 sent to Credit Suisse P.B account number 172477745-42 held in the name of Brianzanet.

d.     $178,618.25 sent to Banco Correstate Bank account number 210001177393 held in the name of Canada Packers.

e.     $227,000 sent to Banco Extebandes account number 120607677 in the name of Consorcio Nesher LTD.

f.     $50,000 sent to Commerce Bank account number 3083003824 in the name of Consorcio Nesher LTD.

g.     $157,270 sent to Tojo Bank Futaba account number 185184 held in the name of Global Corporation.

h.     $325,250.00 sent to First Bank of the Americas account number 1000123960 held in the name of Intertur.

i.     $155,937.21 sent to Duetsche Bank Argentina account number 2638588 in the name Orchidye S.A.

j.     $130,000 sent to The Dai Ichi Kangyo account number 900125719 held in the name of Watex International.

k.     $106,843 sent to Cho Hung Bank account number 374710000585 held in the name of Royal Auto Parts.

l.     $1,465,000 sent to First Bank of the Americas account number 1100881018 held in the name of Rozatta LTD.

m.     FirstBank account # 305001389 in the name of "Multipix Inc" for the amount of $245.28.

n.     FirstBank account # 302007057 in the name of "Roberto Ferrario" for the amount of $4,308.65.

o.     Banco Popular account # 11269243 in the name of Roberto Ferrario" for the amount of $1,328.92.

p.     Banco Popular account # 11902442 in the name of "Roberto Ferrario" for the

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 4**

          amount of $1,181.54.

- q. Banco Popular account # 1125421 in the name of Roberto Ferrario in the amount of $83,087.88.

- r. Ocean Bank account # 50509821105 in the name of Invalores LTD in the amount of $250,000.00.

- s. Cathay Bank account # 120025 in the name of Mobil Tech in the amount of $255,000.00.

- t. Banco Cafetalero Intl. account # 593104031 in the name of Orlando Fajardo Castillo in the name of $110,000.00.

- u. First Union Natl. account # 2090001786014 in the name of Valley Cargo in the amount of $60,000.00.

- w. First Union Natl. account # 2090001186164 in the name of Valley Express in the amount of $20,000.00.

- x. LaSalle Bank, NA account # 2323707 in the name of Global Marketing in the amount of $47,536.56.

- y. Bank Boston Int'l account # 9047939 in the name of Hernando M. Aristizabal in the amount of $475,000.00.

- z. Republic Nat'l Bank account # 0311007692 in the name of Fortuity Int'l in the amount of $61,000.00 .

- aa. I.F.B. Bank account # 040400401906 in the name of Competition LTDA, for the amount of $79,600.00.

- bb. FirstBank account #305001378 in the name of Multipix in the amount of $2,251.77

7. The Court's jurisdiction in this matter is founded in 21 U.S.C. § 853.

8. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

    (1) As soon as practicable after entering a guilty verdict or accepting

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 5**

a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

(2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 6**

discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

9. Having established the requisite nexus between the specific property identified above and the offense to which the defendant has been convicted, the United States respectfully requests this Honorable Court enter a Preliminary Order of Forfeiture as to the above-described property.

10. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 982(b)(1)(A), referring to 21 U.S.C. § 853, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish three (3) times for three (3) consecutive weeks, notice in "El Nuevo Día", a newspaper of general circulation in the island of Puerto Rico, and in USA Today, a newspaper of general circulation in the United States, or any other substitute newspaper of general circulation in the United States, the Court's Order and the United States' intent to dispose of the property in such manner as the Attorney General may direct. The potential claimants shall have thirty (30) days from notice to file claims; otherwise, if no claims are filed, the United States will move at such time for a final order of forfeiture.

11. The above-described property is insufficient to fully satisfy the total amount of three million seven hundred thousand dollars ($3,700,000.), that this Honorable Court has ordered

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 7**

defendant Ferrario to forfeit to the United States. The United States has not, as of this date, identified any further assets that were involved in the offense for which the Defendant has been convicted, nor has it yet identified any property of the Defendant that could be forfeited as substitute assets in accordance with 21 U.S.C. § 853(p).

12. Accordingly, the United States also seeks the entry of a Final Order of Forfeiture consisting of a personal money judgement against the defendant in the amount of three million seven hundred thousand dollars ($3,700,000.) which amount will ultimately be reduced by the value of any of the above-described properties that are ultimately forfeited to the United States.

13. The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc)* (criminal forfeiture is a personal judgment that requires the defendant to pay the total

**Motion for an Amended Preliminary Order of Forfeiture**
<u>United States v. Roberto Ferrario-Pozi,</u>
**Criminal No. 98-189 (HL)**
**Page 8**

amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), *aff'd*, 58 F.3d 754 (1st Cir. 1995); *United States v. Sokolow*, 1995 WL 113079 at *1 (E.D. Pa. 1995) (because money is fungible, the Government need not receive the identical money involved in the money laundering offense so long as the amount involved is known), *aff'd*, 81 F.3d 397 (3d Cir. 1996); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), *aff'd as modified*, 185 F.3d 112 (3d Cir.

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 9**

1999); *United States v. Henry*, 850 F. Supp. 681, 683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), *aff'd*, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full"; judgment entered for $10 million, which was the amount of the racketeering proceeds).

  14. In accordance with the provisions of 18 U.S.C. § 982 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

  15. The United States further requests that the court enter an order continuing the restraining orders entered by this court on October 27, 1999 pursuant to 21 U.S.C. § 853(e) until the entry of a final order of forfeiture and the resolution of any appeals regarding a final order of forfeiture.

**Motion for an Amended Preliminary Order of Forfeiture**
**United States v. Roberto Ferrario-Pozi,**
**Criminal No. 98-189 (HL)**
**Page 10**

WHEREFORE, the United States respectfully prays that this Honorable Court:

1.  Enter a Preliminary Order of Forfeiture against the accounts listed above, and ordering the United States Marshals Service to seize forthwith said accounts.

2.  Enter a Final Order of Forfeiture in the amount of thee million seven hundred thousand dollars ($3,700,000.00), such order constituting a personal money judgment against defendant Ferrario.

I HEREBY CERTIFY that a true copy of the foregoing has been sent via electronic mail to all parties involved.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 3 day of June, 2005.

> H.S. GARCÍA
> UNITED STATES ATTORNEY
>
> S/ Aramís G. Ríos
> Aramís G. Ríos
> Assistant United States Attorney
> Torre Chardón, Suite 1201
> 350 Carlos Chardón St.
> Hato Rey, P.R. 00918
> Tel. 766-5656   Fax. 766-5398