IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** **v.** **ROBERTO FERRARIO-POZZI** **Defendant.** | CRIM. NO. 98-189 (HL) |

### UNITED STATES' MOTION TO DISMISS THIRD PARTY CLAIM

TO THE HONORABLE COURT:

COMES NOW the United States of America, through its undersigned attorneys, and very respectfully states and prays as follows:

1. On December 29, 1998, a Federal Grand Jury returned a Second Superseding Indictment against, defendant Roberto Ferrario-Pozzi. The Second Superseding Indictment contained forfeiture allegations, pursuant to Title 18, United States Code, Section 982, listing numerous domestic and foreign bank accounts as subject to forfeiture based on their involvement in a large-scale narcotics money laundering scheme.

2. On August 15, 2002, defendant Ferrario-Pozzi pled guilty to Count Three of the Second Superseding Indictment. Thereafter, on December 18, 2002, defendant Ferrario-Pozzi was sentenced. Subsequent to the sentencing hearing, on February 13, 2003, this Honorable Court held a hearing. The purpose of the hearing was to determine the precise amount that defendant Ferrario-Pozzi would be ordered to forfeit to the United States, as well as identify any and all specific property subject to forfeiture.

3. At the forfeiture hearing the United States presented evidence of numerous wire

**Motion to Dismiss Third Party Claim**
<u>United States v. Roberto Ferrario-Pozzi,</u>
Criminal No. 98-189 (HL)
Page 2

transfers made by the defendant Ferrario-Pozzi to various domestic and foreign accounts. These transfers were made in furtherance of the narcotics money laundering scheme. Among others, the following accounts were identified at the February 13, 2003, forfeiture hearing as property involved in the defendant Ferrario-Pozzi's money laundering scheme:

- A. Banco Popular account # 1125421 in the name of Roberto Ferrario in the amount of $83,087.88.

- B. $673,255 sent to Credit Suisse P.B account number 172477745-42 held in the name of Brianzanet.

- C. FirstBank account # 302007057in the name of "Roberto Ferrario" for the amount of $4,308.65.Banco Popular account # 11269243 in the name of Roberto Ferrario" for the amount of $1,328.92.
- D. Banco Popular account # 11902442 in the name of "Roberto Ferrario" for the amount of $1,181.54.

- E. Banco Popular account # 1125421 in the name of Roberto Ferrario in the amount of $83,087.88.

4. On August 21, 2003, this Honorable Court, upon motion by the United States, issued a Preliminary Order of Forfeiture listing various accounts as subject to forfeiture. Thereafter upon motion by the Government, this Honorable Court issued an Amended Preliminary Order listing several accounts that were involuntarily omitted from the original Preliminary Order of Forfeiture. The accounts listed in both the Preliminary Order and the Amended Preliminary Order were based upon evidence established at the hearing held on February 13, 2003, and in addition, included the accounts listed in paragraph three above.

5. On July 25, 2005, Third Party Claimant Nelly Esperanza-Bejerano filed a motion entitled "Verified Notice of Claim and Motion to Set Aside Preliminary Order of Forfeiture." Claimant's motion was filed pursuant to Federal Rule of Criminal Procedure 32.2, Title 18, <u>United</u>

**Motion to Dismiss Third Party Claim**
<u>United States v. Roberto Ferrario-Pozzi</u>
Criminal No. 98-189 (HL)
Page 3

States Code, Section 982 and 983.  The United States points out that Title 18, <u>United States Code</u>, Section 983 governs civil forfeiture procedure and is not relevant to this ancillary forfeiture phase of this case criminal proceeding.  Claimant's motion states that she is the lawful wife of the defendant.  Claimant argues that because she is the lawful wife of the defendant she constitutes an innocent owner of the accounts listed in paragraph three and is therefore entitled to half of their contents.  Based on this argument, Claimant requests that the criminal forfeiture entered against the defendant Ferrario-Pozzi be set aside.

      6.   In response, the United States submits that the only basis for relief in a ancillary criminal forfeiture proceeding is a petition filed pursuant to Title 21, <u>United States Code</u>, Section 853(n)(6)(A) or (B).  Claimant fails to assert, cite or make any reference to sections 853(n)(6)(A) or (B).  Claimant's assertion of "innocent ownership" is not a proper ground for relief in an ancillary criminal forfeiture proceeding, and moreover, neither section 853(n)(6)(A) or (B) provide for "innocent ownership" as a ground for relief.  Pursuant to section 853(n)(6)(A), a third party must establish that he/she has a legal right, title, or interest in the property, and such right, title, or interest was vested in the petitioner rather than the defendant, or was superior to that of the defendant's at the time of the commission of the acts which gave rise to the forfeiture.  Under section 853(n)(6)(B), a third party must demonstrate that he/she was a ***bonafide purchaser*** of the property ***for value*** without reasonable cause to believe that the property was subject to forfeiture at the time of the purchase.  Here, Claimant has failed to assert either basis for relief in that she has not indicated whether she claims a superior legal right to the forfeited accounts pursuant to section 853(n)(6)(A), or whether she claims to be a bonafide purchaser for value under section 853(n)(6)(B).  Instead,

**Motion to Dismiss Third Party Claim**
<u>United States v. Roberto Ferrario-Pozzi</u>
**Criminal No. 98-189 (HL)**
**Page 4**

Claimant's argues that she is an "innocent owner," which is a non-cognizable cause of action within this criminal forfeiture proceeding. It is well settled, that unless a claimant makes a reference to the grounds for relief set forth in Title 21, <u>United States Code</u>, Section 853(n)(6)(A) or (B), the claim should be dismissed for a failure to assert a proper ground for relief. See <u>United States v. Hooper,</u> 229 F.3d 818 (9th Cir. 2000) (given the clear direction in section 853(n)(6) limiting recovery to two categories of claimants, the courts are not at liberty to create additional grounds for relief); <u>United States v. Serendensky</u>, 2003 WL21543519 (S.D.N.Y. 2003) (following Hooper; because there are only two valid grounds for contesting a forfeiture under section 853(n)(6), the court is not free to create new ones; in particular; the court cannot grant equitable relief to a sympathetic claimant who does not satisfy either section 853(n) (6)(A) or (B); **court dismisses claim for failure to state a claim on which relief could be granted under section 853(n)(6)(A) or (B) , even if all allegations in the claim where true**). Therefore, since the Claimant's motion fails to assert a valid ground for relief pursuant to Title 21, <u>United States Code</u>, Section 853, her petition should be dismissed for a failure to state a proper cause of action.

      7.    In addition, the United States submits Claimant's motion asserts an ownership interests without setting forth the time and circumstances of how and when that ownership interest came about. Title 21, <u>United States Code</u>, Section 853(n)(3), provides that a "[p]etition shall be signed by the petitioner under penalty of perjury **and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petioner's acquisition of the right, title, or interest in the property,** any additional facts supporting the petitioner's claim, and the relief sought." Claimant has failed to properly set forth the nature and


**Motion to Dismiss Third Party Claim**
United States v. Roberto Ferrario-Pozzi
**Criminal No. 98-189 (HL)**
**Page 5**

extent of her right, title, or interest in the accounts, nor has she provided the time and circumstances of her acquisition of that interest.  Claimant merely states that she is married to the defendant and that she is entitled to half of the defendant's property based on that relationship.  It is well settled, under Title 21, United States Code, Section 853(n)(3), that a petition must set forth the nature and extent of a legal interest in forfeited property.  See United States v. BCCI Holding (Luxembourg) S.A. (Petition of Richard Eline), 916 F. Supp. 1286 (D.D.C. 1996) (claim that simply listed random legal phrases dismissed for failure to set forth nature and extent of legal interest in the forfeited property as required by Section 1963(l)(3)); United States v. Lindow, 98-CR-244 (N.D.N.Y. Sept. 21, 2001) (bare assertion of legal title is not sufficient for a claim under Section 853(n)(3); where claimant's husband stated during guilty plea that property belonged to him, claimant must explain basis for asserting an ownership interest).  The United States submits that the Claimant has failed to explain  a legal basis for her ownership in the forfeited accounts.

Here, Claimant avers that she is married to the defendant Ferrario-Pozi and that they are tenants by the entireties.  However, Claimant fails to assert to what extent if any the accounts mentioned above where not involved in illegal activity, despite the fact that at the hearing held on February 8, 1998, evidence was demonstrated to the contrary.  Instead, she merely states that she is married to the defendant and that the properties were acquired during the course of the marriage.  In response, we submit that the fact that property is acquired during a marriage, does not automatically create a legally cognizable ownership interest in forfeited property, especially in the case of laundered drug proceeds. See United States v. Martinez, 228 F.3d 587 (5th Cir. 2000) (community property law does not give a spouse a "vested interest" in the defendant's criminal

**Motion to Dismiss Third Party Claim**
<u>United States v. Roberto Ferrario-Pozzi</u>
**Criminal No. 98-189 (HL)**
**Page 6**

proceeds sufficient to challenge a criminal forfeiture in the ancillary proceeding). Given the fact that this case involves a defendant who was convicted of laundering several million dollars in drug proceeds, the onus is on the Claimant to at a minimum allege and indicate whether the claimed property was acquired using legally generated funds. The Claimant has failed to do so, and thus, her petition fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

WHEREFORE, it is respectfully requested that this Honorable Court dismiss Third Party Claimant Nelly Esperanza Bejerano's "Verified Notice of Claim and Motion to Set Aside Preliminary Order of Forfeiture" on the basis that it fails to assert a valid ground for relief pursuant to Title 21, <u>United States Code</u>, Section 853.

### CERTIFICATE OF SERVICE

I hereby certify that the following motion has been sent electronically to Lorenzo Palomares-Starbuck, Esq.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 11th day of August, 2005.

        H. S. GARCIA
        United States Attorney

By: <u>S/ Aramis G. Ríos</u>
   Aramis G. Ríos
   Assistant U.S. Attorney
   U.S.D.C. #219807
   Torre Chardón, Suite 1201
   350 Carlos Chardón Street
   Hato Rey, Puerto Rico 00918
   Tel. (787) 766-5656
   Fax. (787) 766-6219