**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

               v.                   Criminal No.: 98-189 (HL)

ROBERTO FERRARIO-POZZI,

Defendant.

**THIRD PARTY CLAIMANT NELLY ESPERANZA-BEJERANO'S MEMORANDUM OF
LAW IN RESPONSE TO UNITED STATES' MOTION
TO DISMISS THIRD PARTY CLAIM**

TO THE HONORABLE COURT:

      CLAIMANT **NELLY ESPERANZA-BEJERANO,** by and through the undersigned

Counsel Lorenzo J. Palomares, Esquire, respectfully submits this Memorandum of Law in

support of her petition for ancillary relief.

**Introduction**

      Third Party Claimant Nelly Esperanza-Bejerano is the spouse of defendant Roberto

Ferrario-Pozzio, a man who pleaded guilty to federal money laundering offenses and agreed

to forfeit the domestic and foreign bank accounts claimed by this third party.  Mr. Ferrario-

Pozzio's sentence included forfeiture of those assets as monies involved in the money

laundering scheme. See 21 U.S.C. §982. The third party claimant, Nelly Esperanza-

Bejerano, has filed a third party claim contesting the criminal forfeiture, contending that as

defendant's spouse she innocently holds a fifty percent property interest in the monies

forfeited as part of Mr. Ferrario-Pozzio's sentence, and that this interest was not subject to

forfeiture under Puerto Rico Law. (See Motion to Set Aside Forfeiture, at page 2, par. 3)

2

## Argument

### 1. The Third Party Claim is Sufficient under 21 U.S.C. § 853 (n)(2) and (3).

In its dismissal motion, the United States first notes that the third party claimant has filed her petition for ancillary relief under the wrong procedural statute, since "[c]laimants motion was filed pursuant to Federal Rule of Criminal Procedure 32.2, Title 18 United States Code, Section 982 and 983." While admitting that the claimant "states she is the lawful wife of the defendant" and is thus entitled to half of the contents of the bank accounts seized as an "**innocent owner**."   The United States states that this is insufficient to assert a valid ground for relief from forfeiture under 21 U.S.C. § 853 (n)(6)(A).

We submit that claimant's petition is sufficient to satisfy the procedural requirements of Section 853 (n)(3). All that is required at this juncture of the ancillary proceedings is that a petition be filed under the penalty of perjury and set forth the nature and extent of petitioner's right, title, or interest in the property. See Id. The petition filed by the third party claimant meets the procedural requirements imposed by Section 853 (n)(3). Petitioner filed a third-party petition under the penalty of perjury.  In her petition, she also alleged that she was the wife of the defendant at the time of the offense which gave rise to the forfeiture, and asserted that she had a property interest in the currency by virtue of her marriage to the defendant.  Thus, she retained a fifty-percent interest in the forfeited currency and the order of forfeiture has to be amended to reflect that fact.

Third parties, such as Petitioner, who assert an interest in the forfeited property may petition the court for a hearing to adjudicate the validity of that interest. See 21 U.S.C. § 853(n)(2). In order to obtain relief, petitioning third parties must satisfy one of two conditions.

3

They must either show that they are bona fide purchasers for value without notice, see § 853(n)(6)(B), or they must show that their property interests meet certain specified requirements, see § 853(n)(6)(A).

The Petitioner in this case squarely relies on § 853(n)(6)(A). That provision requires a petitioner to establish by a preponderance of the evidence that: the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture . . . ." 21 U.S.C. § 853(n)(6)(A). The extent of a third-party's defendable interest is determined by State property law. United States v. $81,000, 189 F.3d 28, 33 (1st Cir. 1999).

**2. The Third Party Claimant has a Recognized Property Interest in the Property Seized by Virtue of her Marriage to the Defendant under Puerto Rico Law**.

In Puerto Rico, upon marriage, a new entity named the conjugal partnership, is created. Article 1296 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3622. Under Article 1301(2) of the Civil Code, 31 L.P.R.A. §  3641(2), real property acquired, wages, and salaries received by either spouse during the marriage are considered property of the conjugal partnership. Franco v. Mayaguez Building, Inc., 108 D.P.R. 192, 195 (1978). The conjugal partnership has a distinct legal personality. The partnership is regarded as a separate and distinct entity from the partners who constitute it and has a capacity to sue and be sued, but it cannot represent itself. Reyes Castillo v. Cantera Ramos, Inc., 96 J.T.S. 9, p. 605; Paredes Figueroa  v. International Air Services of Puerto Rico, Inc., 662 F. Supp. 1202, 204 (D.P.R. 1987). The conjugal partnership in this case is an indispensable party

4

defendant because it might be detrimentally affected by a judgment. Since the interests of each spouse may be incompatible, each must be afforded the opportunity to defend them individually. Id. at *3. Important concerns of notice and due process require that both spouses and the conjugal partnership be included as indispensable defendant parties and each spouse be served with separate summons. See Acosta Quinones v. Matos Rodriguez, 94 J.T.S. 43, p. 11737.[1]

Under Puerto Rico Law, the Claimant herein thus has "a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part," because the right, title, or interest was vested in the conjugal partnership, rather than the defendant at the time of the commission of the acts which gave rise to the forfeiture. The Claimant has the legal right to defend the conjugal partnership under Puerto Rico Law.

Furthermore, in Puerto Rico, the Supreme Court made clear that "when a fine or sentence is caused by the commission of a crime, as a general rule, the responsibility is of a personal nature of the culpable spouse . . ." Lugo v. Gonzalez, 104 D.P.R. 372 (1972). It seems that Puerto Rico's doctrine of constructive trusts should be applied against the United States because the forfeiture of the bank accounts were the result of defendant's money laundering offenses making it inequitable for the United States to keep them against

---

[1] Although the bank accounts sought belong to the conjugal partnership in which the defendant is a partner, the United States did not (and indeed could not) include the conjugal partnership as a defendant in its indictment and subsequent preliminary order of forfeiture. We emphasize that under 21 U.S.C. § 853 only personal property of the defendant may be forfeited. The plain language of § 853, saves the community property acquired by the conjugal partnership composed by the Third Party Claimant and the defendnat.

5

Petitioner's claim as a beneficiary of the constructive trust; and (2) the United states

obtained its preliminary order of forfeiture against the defendant through the commission of

money laundering offenses that were perpetrated without Petitioner's knowledge or consent.

The record here is abundantly clear that petitioner did not authorize the defendant

to engage in the money laundering offenses which gave rise to the forfeiture. The criminal

forfeiture statute cannot therefore apply to Petitioner's share of the currency since she is an

"innocent spouse" under Puerto Rico property law. A constructive trust should therefore be

imposed in Petitioner's favor against the government  to achieve justice and equity. Healy

v. Commissioner, 345 U.S. 278, 282 (1953)(("[a] constructive trust is a fiction imposed as

an equitable device for achieving justice");  See also United States v. Coluccio, 51 F.3d 337,

340 (2nd Cir. 1995)(constructive trust imposed in favor of a claimant's mother who provided

the monies to secure costs bond so that claimant could contest seizure of his aircraft);

United States v. Lester, 85 F.3d 1409, 1413 (9th Cir. 1996)(holding that a community

property interest of a spouse was not subject to forfeiture . . . criminal forfeiture was an in

personam proceeding, and could not cause the forfeiture of property other than that of the

defendant).

Finally, a constructive trust qualifies as a superior interest under § 853 (n)(6)(A). For

example, in United States v. Campos, 859 F.2d 1233, 1308 (6th Cir. 1988), the Sixth Circuit

held that a "constructive trust" would qualify as "superior" under § 853 (n)(6)(A). The

Seventh Circuit Court has also explicitly held that a constructive trust warrants a remission

under § 853 (n)(6)(A). See United States v. Marx, 844 F.2d 1303, 1308 (7th Cir. 1988); see

also the Second Circuit Court holding in United States v. Schwimmer, 968 F.2d 1570, 1581-

84 (2nd Cir. 1992)(following Marx and Campos in holding that a constructive trust is a

6

superior interest under § 1963 (1)(6)(A)).[2]

### Conclusion

Petitioner Nelly Esperanza-Bejerano has proven the essential elements of a valid claim to the bank accounts under Puerto Rico Law which satisfy the procedural requirements of § 853 (n)(6)(A), and a constructive trust under Puerto Rico Law. A constructive trust should therefore be imposed in her favor against the United States and in consequence an order should issue directing the return of monies in the bank accounts seized.

**WHEREFORE** the appearing claimant respectfully prays to this Honorable Court to deny the plaintiff's motion to dismiss the third party complaint and grant the claimant's motion to set aside the preliminary order of forfeiture.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this the 22nd day of August 2005.

/s/ *LORENZO J. PALOMARES-STARBUCK*
**LORENZO J. PALOMARES, P.S.C**
500 Munoz-Rivera Centro II, Suite 1402
HATO REY, PUERTO RICO 00918
PHONE: (787) 752-7441
FAX: (787) 565-0650

---

[2] The provisions set forth in 21 U.S.C. § 853 are substantially identical to the criminal forfeiture provisions under the RICO statute, 18 U.S.C. § 1963. The legislative history states that § 853 "is, in nearly all respects, identical to the RICO criminal forfeiture statute " and recognizes that both contain identical ancillary hearing provisions for adjudication of third party claims. Senate Report at 209, 214, reprinted in U.S.C.C.A.N. at 3392, 3397. We therefore look to cases and legislative history discussing both § 1963 and § 853 in conducting our analysis. See United States v. Ripinsky, 20 F.3d 359, 362 n.3 (9th Cir. 1994).

7

---

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and exact copy of this document been on this
same date filed through the Clerk of Court's electronic filing system which
would electronically send copy of this document to all interested parties.

*/s/Lorenzo J. Palomares-Starbuck*
**LORENZO J. PALOMARES, P.S.C**