# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**[6] ROBERTO FERRARIO POZZI,**<br><br>**Defendant.** | **Crim. No. 98-189 (HL)** |

## ORDER OF FORFEITURE FOR $28,482.50

WHEREAS, on December 29, 1998, the Grand Jury returned a Second Superseding Indictment against, among others, the defendant of caption. The Second Superseding Indictment contained forfeiture allegations, pursuant to 18 U.S.C. § 982, listing numerous domestic and foreign bank accounts as subject to forfeiture based on their involvement in Ferrario's money laundering scheme and/or as substitute assets.

AND WHEREAS the Indictment also sought a personal money judgment against the defendant for a sum of money equal to the total amount involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

AND WHEREAS the defendant Ferrario pled guilty to Count Three of the Second Superseding Indictment on August 15, 2002.

AND WHEREAS a hearing was held on February 13, 2003, whereby it was determined that Ferrario had to forfeit the amount of three million seven hundred thousand dollars ($3,700,000.) to the United States in that such sum, in the aggregate, constituted or was derived from the proceeds from the property traceable to the defendant's money laundering activities, including all money or other property that was the subject of each transaction, and all commissions, fees, and other property

**Amended Preliminary Order of Forfeiture**
<u>United States v. Roberto Ferrario-Pozi,</u>
Criminal No. 98-189 (HL)
Page 2

constituting proceeds obtained as a result of the defendant's money laundering activities.

AND WHEREAS at the hearing held on February 13, 2003, the United States also presented evidence of the numerous wire transfers made by Ferrario to other domestic and foreign accounts in furtherance of his criminal activity.

AND WHEREAS based upon the evidence at the hearing mentioned above on August 21, 2003, the Honorable Court, upon motion by the United States, entered a Preliminary Order of Forfeiture.

AND WHEREAS a careful examination of the motion and order reveals that several accounts which should have been included in the Preliminary Order of Forfeiture were inadvertantly omitted.    AND WHEREAS the United States hereby moved for an Amended Preliminary Order of Forfeiture.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     That the defendant, Roberto Ferrario-Pozzi shall forfeit to the United States:

a.     TWENTY EIGHT THOUSAND FOUR HUNDRED AND EIGHT TWO DOLLARS AND FIFTY CENTS ($28,482.50) IN UNITED STATES CURRENCY

2.     Being that the property mentioned above has already been seized by the United States it is hereby authorized to maintain custody of the same for disposition in accordance with the law, subject to the provisions of Title 18, <u>United States Code</u>, Section 982(b)(1)(A) referring to Title 21 <u>United States Code</u>, Section 853.

3.     That the aforementioned forfeited property is to be held by the Internal Revenue Service in their secure custody and control.

**Preliminary Order of Forfeiture**
**United States v. Felix Carlos Egipciaco-Figueroa,**
**Criminal No. 03-250 (PG)**
**Page 3**

   4. That pursuant to Title 21, United States Code, Section 853, the United States forthwith shall publish one time in "El Nuevo Dia," a newspaper of general circulation in the island of Puerto Rico, notice of this Order, notice of the Internal Revenue Service's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition within the court with thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set for the nature and extent of the petitioner's right, title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

  That upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853, in which all interests will be addressed.

  SO ORDERED on this ___ day of September, 2005.

                _____
                HECTOR LAFFITTE
                UNITED STATES DISTRICT JUDGE